United States District Court
District of Massachusetts

| | |
|---|---|
| Robert C. Cabral, Sr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Massachusetts Bay Transportation ) <br> Authority et al., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 18-12404-NMG |

MEMORANDUM & ORDER

GORTON, J.

Robert Cabral ("Mr. Cabral" or "plaintiff") brought several federal and state law claims against the Massachusetts Bay Transportation Authority ("the MBTA"), Boston Carmen's Union Local 589 ("the Union"), Union delegate Patrick Hogan and Union president James O'Brien (collectively, "defendants").[1]

I. Background

This action arises out of an incident wherein Mr. Cabral, who was at the time a full-time MBTA bus operator, abruptly applied the brakes to avoid a collision while driving an MBTA bus on his assigned route. A passenger was injured as a result.

---

[1] Plaintiff's complaint incorrectly refers to the president of the Union as "John" but defendants have clarified that his name is James.

-1-

Following the incident, Mr. Cabral was required to submit to drug and alcohol testing and tested positive for marijuana use.

Shortly thereafter, the MBTA convened a disciplinary hearing, suspended Mr. Cabral without pay for 70 days and recommended his discharge. Mr. Cabral submitted a grievance challenging his termination which was denied. He also contacted the Union to file a request for arbitration but the Union Board decided not to pursue arbitration on behalf of Mr. Cabral.

Mr. Cabral's complaint asserts claims of breach of contract, breach of the duty of fair representation and violations of the Labor Management Relations Act, Department of Transportation Regulations and the Fourth Amendment.

Defendants filed their respective motions to dismiss in December, 2018, (Docket Entry No. 9) and February, 2019, (Docket Entry No. 30). Magistrate Judge Bowler issued a Report and Recommendation ("R&R") on June 18, 2019, (Docket Entry No. 50), recommending that this Court allow both motions to dismiss. On August 9, 2019, after consideration of plaintiff's objections to Magistrate Judge Bowler's R&R, this Court accepted and adopted the R&R (Docket Entry No. 55) and entered judgment dismissing Mr. Cabral's complaint (Docket Entry No. 56).

Pending before the Court is Mr. Cabral's post-judgment motion for leave to file an amended complaint (Docket Entry No. 57).

## II. Analysis

Mr. Cabral, proceeding pro se, requests leave to file an amended complaint. He alleges that justice requires granting him leave to amend because Magistrate Judge Bowler failed to apply the permissive pleading standard to his pro se complaint whereby he should have been allowed to allege additional constitutional and state law claims. Mr. Cabral seeks to amend his complaint to "clarify" and "explicitly assert" such claims.

Mr. Cabral is correct that, in general, leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). That standard applies, however, only to pre-judgment motions to amend. See, e.g., U.S. ex rel. Ge v. Takeda Pharmaceutical Co. Ltd., 737 F.3d 116, 127-29 (1st Cir. 2013). With respect to a post-judgment motion to amend,

> a district court cannot allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed. R. Civ. P. 59 or 60.

Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998).

A motion to vacate or set aside a judgment is an "extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (internal citations omitted). It requires the moving party either to establish "a manifest error of law or . . . present newly

discovered evidence." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).

Mr. Cabral has not moved to vacate or set aside this Court's judgment dismissing his complaint. Even if he had, he has failed to identify any "manifest error of law" or to proffer any new evidence sufficient to overcome the high burden of altering a final judgment. Consequently, Mr. Cabral's motion to amend will be denied.

### ORDER

For the forgoing reasons, plaintiff's motion to amend his complaint (Docket Entry No. 57) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated October 7, 2014